## 11160

### ROWLAND v. PRUITT *ET AL.*

#### (116 S. E., 456)

1. PARTIES—FAILURE TO DEMUR FOR DEFECT OF PARTIES PLAINTIFF HELD WAIVER THEREOF.—Where defendants signed a contract for the delivery of certain feed upon a form wherein the name of the manufacturers appeared, but across which had been written the words "through the R. Co., Athens, Ga., subject to R. confirmation by letter," thus changing the printed form so as to make either R., who was the plaintiff, or the manufacturer, the shipper, *held* that, under defendants' contention that manufacturer, and not plaintiff, was the shipper, it was their duty to demur to the complaint on the ground that there was a defect of parties plaintiff under Code Civ. Proc. § 194, and where no such objection was taken, the defect is deemed to have been waived under Section 198.

2. SALES—SALE HELD COMPLETED BY MAILING LETTER OF CONFIRMATION IN USUAL COURSE OF BUSINESS, ALTHOUGH NOT RECEIVED BY PURCHASER.—In an action for breach of contract to purchase feed, ordered from plaintiff on a form requiring confirmation of the order by plaintiff, an instruction that, if plaintiff wrote the letter of confirmation, and sent it through the mail in the usual course of business, the contract was complete, even though defendants did not receive the letter, *held* correct.

Before TOWNSEND, J., Anderson, March, 1922. Affirmed.

Action by C. A. Rowland doing business as the Rowland Co., against R. W. Pruitt *et al.*, partners as R. W. Pruitt & Son. Judgment for plaintiff and defendant appeals.

Defendants' exceptions were as follows:

(1) Because his Honor the presiding Judge erred in construing the written offer of the defendants to purchase the goods mentioned in said offer as an obligation on the part of the defendants to purchase said goods from plaintiff. Said writing plainly showed and stated that said goods were sold to the defendants by John Wade & Sons and signed by the agent of the said John Wade & Sons, and the only reference therein made to the plaintiff was that the goods were sold "through the Rowland Company, Athens, Ga., subject to Rowland's confirmation by letter," which should have

been construed to mean that John Wade & Sons had agreed to sell the goods to the defendants through plaintiff as their agent, and that the defendants had agreed to purchase the same from John Wade & Sons upon the terms specified in the writing, which, if confirmed by the plaintiff by letter, were to be handled by him as broker or agent of the said Wade & Sons.

(2) Because the presiding Judge erred in his interpretation of the respective obligations of the plaintiff and the defendants arising out of the written contract as follows: "But the paper says that he made a contract to purchase from Rowland. Anyhow it does say that it is a proposal to purchase through Rowland certain goods, but subject to the approval of the seller. Now, if that letter approved it, there you would have the meeting of the minds of the two" —the error being that by said interpretation and construction he decided that the plaintiff was the seller of the goods, and that the defendants were liable to plaintiff for the purchase price thereof; whereas by the terms of the written offer John Wade & Sons were named as the seller of the goods, and that the plaintiff only had the right to handle the shipment upon his confirmation of the sale by letter.

(3) Because his Honor erred in excluding testimony on the trial of the case attempting to prove on behalf of defendants that plaintiff was handling said goods on a commission basis and in using the following language in his ruling: "They are not suing as the agents of somebody else for their commissions, but they are suing on the ground that there was an absolute contract made by them to sell the goods, and the other man refused to take the goods. That is the question here"—the error being that said ruling by the Court denied to the defendants the right to show that plaintiff did not handle the goods mentioned in the order as his own, but as the agent of John Wade & Sons, which proof, if defendants had been permitted to make, would

have defeated plaintiff's right to recover on the pleading in the case.

(4) That his Honor the presiding Judge invaded the province of the jury and charged matters of fact, in viola- tion of Section 26 of Article 5 of the Constitution of this State, in stating the testimony of the plaintiff by reading a part thereof, to wit, the alleged copy of a letter from plaintiff to defendants bearing date January 8, 1921, which letter defendants denied that they had ever received or was ever mailed to them, and commenting on the contents of said letter after reading it to the jury by saying: "Now this letter in terms would amount to an acceptance of the offer made to Rowland by Pruitt & Son, and together with the offer would make a complete contract binding Pruitt & Son to accept and pay for the feed mentioned at the price specified in the order, $50 per ton, provided the Rowland Company actually signed this letter and sent it by mail or mailed it addressed to Pruitt & Son."

(5) That the presiding Judge erred in his charge to the jury as follows: "If Rowland wrote this letter, signed it, and mailed in the United States mail in the usual course of business, then the contract would be complete, even though the defendants did not receive it"—the error being that said charge took from the jury the determination of a material fact as to whether the contract was completed according to the terms of defendants' written offer, that is, whether plaintiff's letter of confirmation was received by the defendants, which was the agreement according to the undisputed testimony; the defense of defendants being that, if they did not hear from plaintiff in two or three days, their offer was not accepted.

(6) That it was error for the presiding Judge in his charge to ignore the undisputed testimony of the defendants "that, unless they heard from the plaintiff in two or three days, the goods were not bought," and their undisputed testimony that they did not hear from plaintiff within said

time nor within three weeks thereafter, and that they had not received the letter claimed by plaintiff to have been written on January 8, 1921, and in failing in any way to submit to the jury the law applicable to said testimony, but instead charged the jury that the defendants were liable even though they never received said letter, when he should have charged the law to be that, if the jury believed that the contract was that defendants should hear from plaintiffs in two or three days if defendants' offer was accepted, then, in the absence of any proof *aliunde* that said letter was received by the defendants, the presumptive evidence that a letter was received by the addressee thereof, arising from the mailing of the same, must yield to the positive evidence that they had not received the letter, it being proper for the jury to consider the testimony that a letter claimed to have been mailed was not received by the addressee as negativing the testimony that the letter had been actually mailed.

(7) That the presiding Judge erred in failing to charge the defendants' written requests to charge, or to embody the principle of law therein contained in his general charge, which said written requests were as follows:

"(A) The mere mailing out of a letter of acceptance is merely presumptive evidence of acceptance, rebuttable by proof of defendants' failure to receive it. It is not conclusive evidence.

"(B) The complaint alleges agreement to purchase goods from plaintiff. If there be a written memorandum of agreement, and the same shows promise on part of the defendants to purchase from some other person, firm or corporation than the plaintiff, the plaintiff cannot recover, and this whether the written memorandum provides for purchase through plaintiff or not. The proof must conform to the allegations of the complaint.

"(C) If memorandum shows that goods were to be ordered from some other person, firm, or corporation than plaintiff, then, under the terms of the complaint, the right

of. action for failure to purchase would be shown to exist in favor of that other person, firm, or corporation, and not the plaintiffs, and he could not recover under the terms of his complaint."

(8) That the presiding Judge erred in not granting the motion of the defendants for a new trial upon the written grounds upon which said motion was made, which were substantially the same as the grounds stated in the above exceptions, except the exception as charged on facts.

*Messrs. Breazeale & Pearman* and *W. H. Frierson,* for appellants, cite: *Intent of parties governs:* 9 Cyc., 577. *To be gathered from whole instrument:* 102 S. C., 2227. *Charge on facts:* 47 S. C., 489; 118 S. C., 313; 71 S. C., 156. *Statement of facts by Court prohibited:* 50 S. C., 161; 49 S. C., 488; 51 S. C., 453; 118 S. C., 262. *Presumption that arises from mailing a letter:* 2 N. E., 499; 27 N. E., 634; 22 N. E., 71; 15 Ga. App., 85; 111 S. E., 217; 16 Cyc., 1051. *Action must be prosecuted in name of real party in interest:* Code Proc. 1912, Sec. 160, 162. *Damages for breach of contract to buy:* 13 Cyc., 110; 44 Pa., 159.

*Mr. A. H. Dagnall,* for respondent, cites: *Where offer is accepted by mail contract is complete upon mailing the acceptance, not upon delivery:* 6 R. C. L., 612, 613; 13 C. J., 300; par 116.

March 15, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages for an alleged breach of contract. The complaint is as follows:

(1) That the plaintiff, C. A. Rowland, is a citizen and resident of the City of Athens, Ga., doing business under the name of the Rowland Company.

(2) That the defendants, R. W. Pruitt and L. Y. Pruitt, are citizens and residents of Anderson, S. C., doing bus-

iness at Anderson S. C., under the name of R. W. Pruitt & Son.

(3) That the defendants, on or about the 5th day of January, 1921, agreed to purchase of the plaintiff 100 tons of Square Deal Cornco grain feed at $50 per ton, and the plaintiff on his part agreed to sell and deliver said Cornco grain feed at the said price of $50 per ton.

(4) That the defendants have refused to carry out their contract, having failed to order out said merchandise, and plaintiff has requested and urged defendants to accept said merchandise, the defendants failing and refusing to accept same or to pay for same, to the damage of plaintiff in the sum of $770.

(5) That plaintiff has been damaged by the defendants in the sum of $770 by reason of breach of defendants said written contract, the defendants failing and refusing to order and accept said merchandise, and the said sum of $770 is now due and payable from the defendants to plaintiff.

The answer of the defendants is as follows:

(1) The defendants above named, answering the plaintiff's complaint herein, deny each and every allegation in said complaint contained.

(2) And for a further defense show that, even if there were any such agreement between plaintiff and defendant as that alleged in said complaint, the plaintiff utterly failed to comply with its terms and did breach the same.

The alleged contract is as follows:

> "Date, Jan. 5, 1921.
> "John Wade & Sons,
> "Manufacturers Mixed Feeds,
> "Memphis, Tenn.

"Sold to R. W. Pruitt & Son. Address Anderson, S. C. Ship to Anderson, S. C. When ship: Jan. and Feb., buyer's option. Routing: ——. Draft through People's Bank. Tons, 100; bags, 2,000; brands, Cornco H. & M. Feed

Square Deal; price, $50.00 per ton. Delivered from mill to Anderson, S. C."

Across face:

"Through the Rowland Company, Athens, Ga., subject to Rowland's confirmation by letter."

(Printed conditions):

"No terms or conditions will be recognized other than those stated on this sheet. All contracts are made subject to strikes, wars, fires or other conditions beyond our control. This constitutes a contract when signed by purchaser and salesman and confirmed or approved by shipper and is not subject to change or cancellation without consent of both parties thereto.

*"Buyer:* [Signed] R. W. Pruitt & Son, per L. Y. Pruitt, Manager.

*"Salesman:* [Signed] B. M. Hughes."

(Underscored words show printed form.)

The letter of confirmation alleged by plaintiff to have been written and mailed, but receipt of which was denied by the defendants, is as follows:.

"Jan. 8, 1921.

"R. W. Pruitt & Son, Anderson, S. C.—Gentlemen: We have received your offer through our Mr. Sayer and Mr. Hughes for 100 tons of Cornco grain feed at $50.00 per ton, Anderson, S. C.

"While the figures are awful close, and barely give us enough margin to justify handling it, we have decided to accept the offer, as specified by you for January and February shipment.

"We understand from our Mr. Sayer that you will want to order this out in carload lots, and we trust you will let us have specifications right along, and we assure you that we will do everything we can to get this out promptly.

"Yours very truly,

"The Rowland Company, by ———"

The jury rendered a verdict in favor of the plaintiff for $350; and the defendants appealed upon exceptions, which will be reported. The first question that will be considered is whether his Honor the Circuit Judge erred in his construction of the alleged contract.

The agreement hereinbefore set out was on a printed form prepared by John Wade & Sons, for the use of their agents, across the face of which was written the words:

"Through the Rowland Company, Athens, Ga., subject to Rowland's confirmation by letter."

It will thus be seen that the printed form was very materially changed, and necessarily those words must be taken into consideration in construing all the other provisions of the agreement. If the added words: "Through the Rowland Company, Athens, Ga., subject to Rowland's confirmation by letter," had not been inserted, the word "Shipper" therein would have been construed to designate John Wade & Sons. But there are also the following provisions:

"This constitutes a contract when signed by purchaser and salesman and confirmed or approved by shipper, and is not subject to change or cancellation without consent of both parties thereto."

The agreement did not become effective as a contract until it was confirmed or approved by Rowland. Those who then became parties to the contract were John Wade & Sons, R. W. Pruitt & Son, and the Rowland Company. The only reasonable construction of the contract is that, if Rowland thought the proposed offer would be advantageous to him, he should have the right to become the shipper, instead of John Wade & Sons, by confirming the sale through a letter to R. W. Pruitt & Son.

By this construction alone can full effect be given to the word, "both" in the provision which we last quoted. It shows that, although there were three separate parties to the contract—John Wade & Sons, R. W. Pruitt & Son, and the Rowland Company—only R. W. Pruitt & Son and the

Rowland Company were to be the active participants as purchaser and shipper.

Furthermore, the contract shows upon its face that either John Wade & Sons or the Rowland Company was the shipper. The defendants contend that John Wade & Sons was the shipper. It was their duty to demur to the complaint on the ground that there was a defect of parties plaintiff. Section 194, Code 1912. As no such objection was taken, the defendants are deemed to have waived the same. Section 198, Code 1912.

The exceptions raising this question are overruled.

The next question that will be considered is whether there was error on the part of his Honor the presiding Judge in charging the jury:

"If Rowland wrote this letter, signed it, and mailed in the United States mail, in the usual course of business, then the contract would be complete, even though the defendants did not receive it."

The ruling of his Honor the presiding Judge is sustained by the following authorities: *Weathers v. W. O. W.* (S. C.), 112 S. E., 44; *Hightower v. Life Ins. Co.,* (S. C.), 113 S. E., 478; 6 R. C. L., 612, 613; 13 C. J., 300, 301.

These conclusions practically dispose of all the exceptions. Affirmed.

Messrs. Justices Watts, Fraser and Marion concur.